IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TABITHA GONZALES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:22-CV-00002-H-BU |
| CARL BROACH, *et al.*, | § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tabitha Gonzales, individually and as next friend of her minor child G.G., brings this action against Defendants Carl Broach and Craig Huntley, d.b.a. CKB Trucking, to recover for injuries allegedly suffered in a motor vehicle accident. The case is before the Court upon Defendants' Motion to Strike the testimony of Gonzales's expert, Dennis R. Gutzman M.D. For the reasons explained below, the undersigned recommends that the Court DENY the Motion to Strike.

**I. JURISDICTION**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Gonzales and G.G. are citizens of Texas, Broach is a citizen of Arizona, CKB Trucking is a citizen of Oklahoma, and the amount in controversy exceeds $75,000. *See* Dkt. No. 1 at 2–3, 5. The undersigned has the authority to submit the following Findings, Conclusions, and Rec-

1

ommendations after United States District Judge James Wesley Hendrix referred this case to the undersigned for pretrial management.[1] Dkt. No. 4; 28 U.S.C. § 636(b)(1)(B).

## II.  FACTUAL BACKGROUND

Gonzales alleges that she and G.G. suffered injuries in a motor vehicle accident that occurred in Nolan County, Texas on January 20, 2020. Dkt. No. 1 at 3. On that date, Gonzales and G.G. were in a vehicle that was purportedly struck by a truck operated by Broach. *Id.* Gonzales alleges Broach was negligently operating the truck at the time of the accident and that CKB Trucking is liable for Broach's negligence under the theory of respondeat superior. *Id.* at 3–4.

## III.  THE PARTIES

Gonzales sues Defendants for negligence under Texas law. Dkt. No. 1 at 3–4. Gonzales requests damages including past and future medical expenses incurred and expected to be incurred to treat injuries suffered in the accident. *Id.* at 5.

Gonzales designated Dr. Dennis R. Gutzman as a non-retained expert. Dkt. No. 25 at 3–4. Dr. Gutzman is Gonzales's treating orthopedic surgeon and he has recommended that Gonzales undergo two separate spinal surgeries to ameliorate her injuries allegedly caused by the accident. Dkt. No. 29-1 at 5. He has also provided his opinion as to the reasonable and necessary charges for these surgeries, which he estimates will total nearly $300,000. *Id.* at 7–8. This estimate is broken down based on the type of charge incurred, and it includes estimates for hospital charges and anesthesia services. *Id.*

---

[1] There does not appear to be any definitive caselaw on whether a motion to strike an expert is dispositive or non-dispositive under 28 U.S.C. § 636(b)(1). But most Texas federal courts follow the FCR procedure, presumably in an abundance of caution, as does the undersigned here for the same reason.

Defendants' Motion to Strike asks the Court to strike Dr. Gutzman's testimony in its entirety, or in the alternative, to preclude him from testifying on certain issues. Dkt. No. 28. Defendants argue that Dr. Gutzman should not be permitted to testify at all because he refused to disclose "how much he was actually paid" for the type of services that he recommends for Gonzales. *Id.* at 3–4. Without this disclosure, Defendants say Dr. Gutzman is "free to make up whatever charges he wants." *Id.* at 4.

In the alternative, Defendants ask the Court to prevent Dr. Gutzman from testifying on the reasonableness and necessity of the amounts that a hospital or anesthesiologist would charge for Gonzales's recommended surgeries. Dkt. No. 28 at 4. Defendants argue Dr. Gutzman is not qualified to offer such testimony because he lacks specialized knowledge on medical billing for hospitals and anesthesia services. *Id.* Defendants also argue Dr. Gutzman's testimony on these issues would be unreliable because the basis of his knowledge is limited to his review of some of his patients' bills, and it is unclear whether he has reviewed bills sufficiently related to the charges expected to be incurred for Gonzales's surgeries. *Id.*

Gonzales responds that Dr. Gutzman was not required to disclose what he has previously received for services similar to those recommended to her because there is no evidence that she will pay a price different from what Dr. Gutzman has already estimated. Dkt. No. 29 at 3–5. Gonzales also says that Dr. Gutzman is qualified to provide an opinion on the reasonableness and necessity of charges for hospital and anesthesia services because his experience as a physician means that he is familiar with the amounts usually charged for services related to his profession. *Id.* at 5–8. Finally, Gonzales contends that Defend-

3

ants' critique of the bases underlying Dr. Gutzman's opinions goes toward the weight of his testimony, not its admission. *Id.* at 6.

## IV. LEGAL STANDARDS

Federal Rule of Evidence 702 governs the admission of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

When it comes to expert testimony, the role of a district court is to serve as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149–52 (1999). The relevance of an expert's testimony depends on whether their knowledge would be helpful to the trier of fact. *Daubert*, 509 U.S. at 591. All other requirements under the Federal Rules and the *Daubert* factors go towards an expert's reliability. *See Burst v. Shell Oil Co.*, 104 F. Supp. 3d 773, 777–78 (E.D. La. 2015).

In determining reliability, a trial court must find that an expert opinion has "a reliable basis in the knowledge and experience of his discipline." *Daubert*, 509 U.S. at 592.

This assessment depends in part on the validity of the reasoning and methodology underlying the expert's opinion. *Guzman v. State Farm Lloyds*, 456 F. Supp. 3d 846, 852 (S.D. Tex. 2020) (citing *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 725 (5th Cir. 2009) (per curiam)). Accordingly, expert testimony "based merely on subjective belief or unsupported speculation" should be excluded. *Burst*, 104 F. Supp. 3d at 777. The burden of showing the reliability of an expert and their reasoning falls to the party seeking to admit the expert's testimony. *Id.* at 776–77; *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

But not every critique of an expert or their reasoning goes toward the admissibility of their testimony. Generally, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). In most cases, "shaky but admissible" expert evidence is best addressed by "[v]igorous cross-examination, presentation of contrary evidence, and careful instructions on the burden of proof." *Daubert*, 509 U.S. at 596. Thus, "the rejection of expert testimony is the exception rather than the rule." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019) (quoting Fed. R. Evid. 702 advisory committee's notes (2000)) (internal quotation marks omitted).

## V. ANALYSIS

The undersigned will begin with Defendants' argument for excluding Dr. Gutzman from testifying at trial and then address their alternative arguments for limiting his testimony.

> 1. *The Court should deny Defendants' Motion to Strike Dr. Gutzman's testimony in its entirety.*

Defendants argue that Dr. Gutzman's testimony should be excluded because he refused to disclose how much he is paid for the procedures that he now recommends for Plaintiff Tabitha Gonzalez. Dr. Gutzman refused to disclose this information because the amounts he receives from insurance providers for his services are negotiated with the insurance providers to some amount below the uninsured price reflected in his opinions in this case. *See* Dkt. No. 29-1 at 14–16. When asked to disclose those negotiated prices, Dr. Gutzman—on the advice of counsel—refused because that information was confidential. *Id.*

Defendants fail to explain how Dr. Gutzman's disclosure of his negotiated prices would be relevant to this case. Plaintiffs argue that there is no evidence Gonzales has medical insurance to cover a portion of the charges for her surgeries, and Defendants do not argue otherwise. So, Gonzales presumably will be required to pay the full, uninsured price for her surgeries. *See* Dkt. No. 29-1 at 17. Thus, what Dr. Gutzman typically receives from insurance providers for performing the procedures in question on insured patients is not relevant to his opinion on what a reasonable charge would be for the uninsured Gonzales.

> 2. *The Court should deny Defendants' Motion to Strike Dr. Gutzman's testimony on the reasonableness and necessity of hospital and anesthesia charges.*

Defendants' arguments for limiting Dr. Gutzman's testimony fare no better. Defendants maintain Dr. Gutzman is not qualified to testify as to the reasonableness of hospital and anesthesiologist charges for Gonzales's surgeries. They also maintain that Dr. Gutzman is not reliable because the sources and bases for his opinion are insufficient.

First, courts have held that an orthopedic surgeon may testify as to the reasonableness of medical charges including those not tied to their specialty. *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 760 (N.D. Tex. 2021); *Hernandez v. Groendyke Transp., Inc.*, No. 3:21-CV-0108-D, 2022 WL 2872493, *5–7 (N.D. Tex. July 21, 2022) (collecting cases); *Cantu v. Wayne Wilkers Trucking, LLC*, 487 F. Supp. 3d 578, 584 (W.D. Tex. 2020). In *Galvez*, for example, the court held that an orthopedic surgeon, Dr. Indresano, could provide an opinion as to whether the plaintiff's medical expenses were reasonable. 575 F. Supp. 3d at 760. Judge Fitzwater noted that Dr. Indresano was a board-certified orthopedic surgeon who had performed "hundreds, if not thousands" of surgeries and that "[t]hese facts alone" qualified him to testify regarding whether the charges in the case were reasonable and necessary. *Id.*

Those same facts permit Dr. Gutzman's testimony regarding the reasonableness of the hospital and anesthesiologist charges here. Like the surgeon in *Galvez*, Dr. Gutzman is a board-certified orthopedic surgeon who has been practicing for over 42 years and has performed surgeries identical or similar to those recommended for Gonzales. *See* Dkt. Nos. 29 at 8; 29-1 at 3. So just as Judge Fitzwater noted in *Galvez*, "[t]hese very facts" qualify Dr. Gutzman to provide an opinion regarding the reasonableness of the hospital and anesthesiologist charges.

Defendants' other argument—that Dr. Gutzman is unreliable because he lacks an adequate basis for his opinion—is not a reason for limiting his testimony. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of

7

fact's] consideration." *Viterbo*, 826 F.2d at 422. Defendants are, of course, free to critique the bases for Dr. Gutzman's opinions, however, those critiques are not grounds for refusing to admit his testimony.

## VI.  CONCLUSION

For the reasons provided above, the undersigned RECOMMENDS that the Court DENY Defendants' Motion to Strike.

## VII.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days of being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 12th day of December 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE