IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TABITHA GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:22-CV-00002-H-BU |
| CARL BROACH, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tabitha Gonzales, individually and as next friend of her minor child G.G., brings this action against Defendants Carl Broach and Craig Huntley, d.b.a. CKB Trucking, to recover for injuries allegedly suffered in a motor vehicle accident. The case is before the Court upon the parties' Joint Motion for Judgment, Dkt. No. 38, and Amended Motion for Attorney Fees, Dkt. No. 47. For the reasons explained below, the undersigned RECOMMENDS that the Court GRANT both Motions.

**I. JURISDICTION**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Gonzales and G.G. are citizens of Texas, Broach is a citizen of Arizona, CKB Trucking is a citizen of Oklahoma, and the amount in controversy exceeds $75,000. *See* Dkt. No. 1 at 2–3, 5. The undersigned has the authority to submit the following Findings, Conclusions, and Recommendations after United States District Judge James Wesley Hendrix referred this case to the undersigned for pretrial management. Dkt. No. 4; 28 U.S.C. § 636(b)(1)(B).

## II.  FACTUAL BACKGROUND

Gonzales alleges that she and G.G. suffered injuries in a motor vehicle accident that occurred in Nolan County, Texas on January 20, 2020. Dkt. No. 1 at 3. On that date, Gonzales and G.G. were in a vehicle that was purportedly struck by a truck operated by Broach. *Id.* Gonzales alleges Broach was negligently operating the truck at the time of the accident and that CKB Trucking is liable for Broach's negligence under the theory of respondeat superior. *Id.* at 3–4.

## III.  THE PARTIES

On October 3, 2023, the parties indicated to the Court that they reached a settlement of G.G's claims and jointly requested the appointment of a guardian ad litem (GAL) to review the proposed settlement. Dkt. No. 30. The Court appointed Chaile Allen as GAL. The GAL authored a report recommending that the Court approve the proposed settlement. Dkt. No. 32. The parties filed a Joint Motion for Judgment on G.G.'s claims. Dkt. No. 38. The undersigned set a hearing to determine whether the proposed settlement was in G.G.'s best interests. Dkt. No. 45. And the GAL filed an Amended Motion for Attorney Fees. Dkt. No. 47.

The undersigned held a hearing on February 7, 2024. Dkt. No. 48. At the hearing, the undersigned learned the details of the settlement proposal which would require the Defendants to pay a total of $10,000 to settle G.G.'s claims: $7,500 of which would be placed into trust for the benefit of G.G. and the remaining $2,500 to be paid to Plaintiff's attorneys. Plaintiff Tabitha Gonzales testified that she understood the details of the proposed settlement and she believed the proposed settlement would be in the best interest of G.G.

The undersigned also heard testimony from the GAL who stated that she had visited with G.G.'s mother and reviewed the filings in the case, G.G.'s medical records, and the terms of the settlement agreement before she arrived at her conclusion that the settlement was in G.G.'s best interests.

The undersigned also solicited the parties' views regarding the GAL's compensation and Amended Motion for Attorney Fees. The parties have agreed that the Defendants shall pay the $1,120.00 requested by the GAL as compensation for her services. The parties all agreed that the amount requested by the GAL was reasonable.

## IV.  ANALYSIS

### A.    The Court should accept the proposed settlement of G.G.'s claims.

Federal Rule of Civil Procedure 17(c) mandates that a court appoint a guardian ad litem whenever the interests of a minor's representative and the interests of the minor themselves may conflict. *Gaddis v. Untied States*, 381 F.3d 444, 453 (5th Cir. 2004). The appointment of a guardian ad litem serves to protect a minor's rights and interests and to ensure that they have proper access to the judicial system. *Id.* at 453–54.

The authority of a guardian ad litem, however, is governed by the law of the minor's domicile—here, Texas. *Hickson on behalf of Estate of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B (BH), 2020 WL 5087881, at *2 (N.D. Tex. Aug. 25, 2020), *report and rec. adopted*, 2020 WL 5096680. Texas law authorizes a guardian ad litem to negotiate a settlement and to execute settlement agreements on a minor's behalf but a court must approve any settlement before it may go into effect. *Id.*

3

When evaluating a proposed settlement of a minor's claims, courts consider "the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. Apr. 1, 2005), *report and rec. adopted*, 2005 WL 1025963. At base, though, the court must determine that the settlement is in the minor's best interests. *Hickson on behalf of Estate of Hickson*, 2020 WL 5087881, at *2.

After careful review of the GAL's report and testimony, to which the parties do not object, the undersigned finds that the GAL has fully considered the facts of this case and the effects of entering into the proposed settlement agreement. The undersigned also finds that G.G.'s interests have been properly protected, and that the proposed settlement is fair, reasonable, and in her best interests. The undersigned therefore RECOMMENDS that the Court accept the proposed settlement and GRANT the Joint Motion for Judgment.

**B.     The Court should award the guardian ad litem's requested attorney fees.**

The GAL has filed an Amended Motion for Attorney Fees asking the Court to award her $1,120.00 as compensation for her services. Dkt. No. 47. The parties agreed that the Defendants will be responsible for paying this amount, and there were no objections as to the reasonableness of either the number of hours or the hourly rate. The undersigned is also of the opinion that the amount requested is eminently reasonable, and therefore he RECOMMENDS that the Court GRANT the Amended Motion for Attorney Fees.

## V.  CONCLUSION

For the reasons provided above, the undersigned RECOMMENDS that the Court GRANT the Joint Motion for Judgment and GRANT the Amended Motion for Attorney Fees.

## VI.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days of being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs*. *Auto*. *Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 7th day of February 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE