UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TABITHA GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>CARL BROACH, et al.,<br><br>    Defendants. | No. 1:22-CV-002-H-BU |

### ORDER

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of Magistrate Judge John R. Parker (Dkt. No. 37) and the objections filed by the defendants (Dkt. No. 43). The Court overrules the objections, accepts and adopts the FCR, and denies the defendants' motion to strike (Dkt. No. 28).

**1.     Factual and Procedural Background**

Tabitha Gonzales alleges that she and a minor, G.G., suffered injuries in a motor vehicle accident on January 20, 2020. Dkt. No. 1 at 3. Gonzales and G.G.'s vehicle was allegedly struck by a vehicle operated by Carl Broach. *Id.* Gonzales asserts that Broach was negligently operating the vehicle and that CKB Trucking is liable for that negligence under the theory of respondeat superior. *Id.* at 3–4.

The Court referred this matter to Magistrate Judge Parker for all pretrial management. Dkt. No. 4. During the pretrial process, the plaintiff designated Dr. Dennis R. Gutzman, M.D., as a non-retained expert witness. *See* Dkt. No. 25 at 3–4. Dr. Gutzman

was designated to testify about the cost of the surgeries that he recommended for the plaintiff, among other things. *See id.*

The defendants moved to strike Dr. Gutzman's testimony. Dkt. No. 28. Specifically, the defendants argue that Dr. Gutzman refused to testify as to the amount he was paid for the types of surgeries he recommended. *Id.* at 3–4. The defendants also assert that Dr. Gutzman is not qualified to testify as to the hospital or anesthesiology bills. *Id.* at 4. As a result, the defendants believe that Dr. Gutzman's testimony should be stricken in its entirety or, in the alternative, as to the hospital and anesthesiology bills. *See id.* at 3–4. The plaintiff responded in opposition to the defendants' motion. *See* Dkt. No. 29.

The Magistrate Judge issued a FCR on the motion to strike, recommending that the Court deny the motion. *See* Dkt. No. 37 at 5–8. The defendants timely objected to the FCR. Dkt. No. 43. The FCR is now ripe and before the Court.

**2.      Legal Standard**

A party who seeks to object to any part of a magistrate judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party timely objects, a magistrate judge's FCR regarding a dispositive matter is reviewed de novo. Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *See id.* Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No.

4:22-cv-0640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex.), *rep. & rec. adopted*, 458 F. Supp. 3d 559 (E.D. Tex. 2020)). The district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Objections that merely reiterate arguments that have already been considered by the magistrate judge are not specific, and the district court reviews such objections for plain error. *See Carter v. AgAmerica, LLC*, No. 4:21-CV-1210-P, 2021 WL 5853186, at *1 (N.D. Tex. Dec. 9, 2021); *Freeman v. Am. Credit Acceptance, LLC*, No. 4:20-CV-01211-P-BP, 2021 WL 1015956, at *2 (N.D. Tex. Mar. 17, 2021).

3.  Analysis

The Court overrules the defendants' objections and adopts the FCR in full. The defendants have made two objections to the FCR. First, the defendants object to the FCR's conclusion that Dr. Gutzman did not need to testify to the amount that he is paid for the procedures he recommended for the plaintiff. *See* Dkt. No. 43 at 2–3. Second, the defendants object to the FCR's conclusion that Dr. Gutzman is qualified to testify to the hospital or anesthesiology bills. *Id.* at 3–4. Because each argument raised by the defendants has already been considered by the magistrate judge, the Court has reviewed the FCR for plain error. *See Carter*, 2021 WL 5853186, at *1; *Freeman*, 2021 WL 1015956, at *2. Having reviewed the FCR, the applicable law, and the parties' filings, the Court concludes that the defendants' objections should be overruled. The FCR committed no error–plain or otherwise.

The defendants' first objection raises a substantially similar argument as included in their initial motion to strike, although it includes new evidence. *Compare* Dkt. No. 28 at 2–

4, *with* Dkt. No. 43 at 2–4.  The crux of each argument is the same—that Dr. Gutzman has failed to provide the sufficient underlying facts or data necessary to support his testimony as required under Federal Rule of Evidence 702(b).  *See* Fed. R. Evid. 702(b).  Even having considered the additional untimely evidence, the Court concludes that what Dr. Gutzman charges for certain procedures has no bearing on what a reasonable charge for the procedure is.  The defense argues that Dr. Gutzman cannot know "what these future surgeries are going to cost" because he no longer takes Medicaid patients.  Dkt. No. 43 at 2–3.  This argument goes to the weight to be assigned to the doctor's opinion, rather than its admissibility.  *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).  It is a completely valid topic to broach on cross-examination, but it does not mean that Dr. Gutzman's testimony must be stricken.  *See id.*

      The defendants' second objection goes to Dr. Gutzman's qualifications to testify to the reasonableness of the hospital and anesthesiologist charges for Gonzales's surgeries.  The defendants have previously asserted this argument.  *Compare* Dkt. No. 28 at 4, *with* Dkt. No. 43 at 3–4.  Case law lends support for the FCR's conclusion as well.  *See Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 760 (N.D. Tex. 2021) (admitting a doctor's testimony regarding reasonable medical charges based on his experience with that procedure).  The FCR properly dismissed the motion to strike on this ground as well.

**4.     Conclusion**

      The Court adopts the FCR, overrules the objections to it, and denies the defendants' motion to strike the testimony of Dr. Gutzman (Dkt. No. 28).  The Court notes, however, that its denial of the motion to strike does not prohibit the defendants from cross-examining the witness as to the subjects raised in their motion.

So ordered on April 5, 2024.

                                                            JAMES WESLEY HENDRIX
                                                            UNITED STATES DISTRICT JUDGE